UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HIMEX CO, INC.
1220 S. Main Street,
Los Angeles, CA, 90015

    Plaintiff,

v.

                                      Civil Action No.

UNITED STATES CUSTOMS AND
BORDER PROTECTION
1300 Pennsylvania Ave, N.W.
Washington, D.C. 20593,

    Defendant.

_____/

## COMPLAINT FOR PROPERTY DAMAGE PURSUANT TO FEDERAL TORT CLAIMS ACT

1. This is an action brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for the destruction of the Plaintiff's seized goods by the United States Customs and Border Protection ("Customs"] in Long Beach, California.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1346(b).

3. The venue of this Court is founded on 28 U.S.C.A. § 1402(b), in that the decision that led to the destruction of the Plaintiff's goods was made in Washington D.C.

4. Plaintiff, Himex Co., Inc. ("Himex") is a corporation located in Los Angeles, California.

5.   Defendant, Customs, is an agency of the United States.

6.   On or about April 8, 2010, Customs seized 7,200 pairs of sunglasses ("goods") belonging to Himex in Customs Case No.: 2010-2704-000717-01.

7.   Customs seized Himex's goods for the alleged violation of the Louis Vuitton Malletier trademark, TMK 09-01095, USPTO Reg. No. 3,023,930 and TMK 09-01098, USPTO Reg. No. 3,051,235. Exhibit A

8.   On or about November 4, 2010, Customs issued a Disposition Order for the destruction of Himex's goods within 60-days of the order, even though the Plaintiff had not exhausted its administrative remedies afforded to it under 19 U.S.C. § 1618. Exhibit B

9.   On or about July 1, 2011, U.S. Customs issued a penalty against Himex in the amount of $3,125,235 pursuant to 19 U.S.C. § 1526(f). Exhibit C

10.   On or about August 16, 2012, in response to the Customs' Penalty Notice, Himex filed a petition for relief pursuant to 19 U.S.C. § 1618.

11.   The petition for relief was timely filed within 60-days of Customs' Penalty Notice.

12.   On or about September 11, 2011, the Fines Penalties and Forfeiture Office in Long Beach, California transmitted Himex's petition to the Penalty Branch in Washington D.C.

13.   On or about February 17, 2012, upon the Penalty Branch's request, the Customs Intellectual Property Branch in Washington D.C. determined that the marks on the goods were not violative of the registered Louis Vuitton Malletier trademark and that the goods were not subject to seizure under 19 U.S.C. § 1526. Exhibit D

14.  Himex filed its SF-95 on May 21, 2012. Exhibit E

## COUNT I

Plaintiff realleges Paragraphs 1 through 14 of this complaint as if fully set forth here.

14.  Customs seized goods in which the Plaintiff had an ownership interest.

15.  Customs issued a seizure notice to the Plaintiff pursuant to 19 C.F.R. § 162.31 informing the Plaintiff of the right to apply for relief under 19 U.S.C. § 1618.

16.  Plaintiff filed a timely petition for relief pursuant to 19 U.S.C. § 1618, but Customs destroyed the goods on the authorization of the Fines, Penalties and Forfeiture Office, which was improper under the circumstances that the Plaintiff had not exhausted its administrative remedies.

17.  The destroyed property represented a value of $3,125,952 as determined by Customs' Appraisal Request Form. Exhibit F

18.  Himex's Federal Tort Claims Act claim for damages, was deemed denied on November 21, 2012, after Customs failed to act within six months of receipt of the Plaintiff's claim in accordance to McCallister v. United States by United States Dept. of Agriculture, 925 F.2d 841, 844 (5th Cir. 1991) (holding that the six-month limitation period in 28 U.S.C. § 2401(b) does not begin to run until there is a final administrative determination, that an agency's failure to act within six months could have been treated as a denial, and that the plaintiff could have filed suit anytime thereafter.)

19.  The destruction of the goods was done in violation of 19 U.S.C. § 1618 and as such was a tort under the Federal Tort Claims Act.

WHEREFORE, Plaintiff respectfully requests this Court:

1. To take jurisdiction of this cause of action;

2. To grant compensatory damages in the amount to be proven at trial but no less than $3,125,952, plus interest on such damages awarded from the date of judgment until paid according to law; and

3. To grant such other and further relief as the Court may deem proper and just.

Respectfully Submitted,

s/Peter S. Herrick
Peter S. Herrick
Attorney for Plaintiff
Himex Co., Inc.
3520 Crystal View Court
Miami, FL 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email. pherrick1@comcast.net
D.C. Bar No.: 137935