UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HIMEX Co., Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 12-1974 (RJL) |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

(February 20, 2014) [Dkt. #11]

Plaintiff Himex Co. ("plaintiff" or "Himex"), a Los Angeles-based corporation, brings this action against the United States Customs and Border Patrol ("CBP"), seeking damages under the Federal Tort Claims Act ("FTCA").[1] Now before the Court is the United States' Motion to Dismiss. [Dkt. #11]. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the Court concludes that plaintiff's claim fails for lack of subject-matter jurisdiction and accordingly, will GRANT the defendant's Motion to Dismiss.

## STANDARD OF REVIEW

"In deciding a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiffs." *Am. Farm Bureau v. U.S. E.P.A.*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000) (internal quotations

---

[1] In March 2013, the Court granted plaintiff's motion to amend the pleadings in order to substitute the United States as the defendant.

1

omitted). Because the court may not address the plaintiff's claims without subject-matter jurisdiction, a motion to dismiss under Rule 12(b)(1) imposes an affirmative obligation on the court to ensure that jurisdiction is proper. *See Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). When considering a motion to dismiss under 12(b)(1), the court may also consider materials outside the pleadings to assure itself that jurisdiction is proper. *See Herbert v. Nat'l Acad. Of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

## BACKGROUND

On April 8, 2010, the United States Customs and Border Patrol seized 7,200 pairs of sunglasses belonging to the plaintiff at the port of Los Angeles, California. Compl. [Dkt. #1] at ¶ 6. The CBP seized the sunglasses because they bore marks that allegedly violated trademarks owned by the fashion house Louis Vuitton Malleteir ("Louis Vuitton"). *See* Am. Compl. [Dkt. #10] at ¶¶ 6-7. On April 23, 2010, the Fines, Penalties and Forfeitures Office of CBP ("FPFO") informed Himex that the seized sunglasses were subject to forfeiture, but that plaintiffs could avoid it by obtaining the written consent of the trademark owner, pursuant to 19 C.F.R. § 133.52. *See* Ex. 1 to Def.'s Mot. to Dismiss ("Def.'s MTD") [Dkt. #11-1]. Alternatively, Himex could choose to abandon its claim to the seized goods, thereby waiving any future notice by CBP regarding the forfeiture proceedings. *Id.* FPFO also notified Himex that "[i]n addition to forfeiture, [it] may be liable for a penalty" pursuant to 19 U.S.C. § 1526(f). *Id.*

On May 13, 2010, a Himex representative signed a CBP "Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized Merchandise" ("Notice of Abandonment"). Ex. 2 to Def.'s MTD [Dkt. #11-2]. The notice references the 7,200 pairs of sunglasses and states, "I hereby abandon all claim to . . . and waive any further rights or proceeding relative to these articles." *Id.* On September 15, 2010, CBP issued a Disposition Order for the destruction of the seized goods, and on November 3, 2010, the FPFO destroyed the seized sunglasses. *See* Ex. B to Compl. [Dkt. #3-2].

Eight months later, in July 2011, the FPFO issued a civil penalty against Himex in the amount of $3,125,235 pursuant to 19 U.S.C. § 1526(f). *See* Am. Compl. at ¶ 9. The amount of the penalty equaled "the value the merchandise would have had if genuine, according to the manufacturer's suggested retail price." Ex. C to Compl. [Dkt. #3-3]. On August 22, 2011, plaintiff filed a petition for relief from the civil penalty, pursuant to 19 U.S.C. § 1618, arguing that the marks on the now-destroyed sunglasses were not counterfeit of registered Louis Vuitton trademarks. *See* Def.'s MTD at 4. The FPFO transmitted plaintiff's petition to the CBP's Penalties Branch in Washington, D.C., which then transferred it to the CBP's Intellectual Property Rights Branch ("IPRB") for consideration. *See* Am. Compl. at ¶¶ 12, 13. On February 17, 2012, the IPRB determined that the marks on the seized sunglasses did *not* infringe upon the registered trademarks of Louis Vuitton and thus were not subject to seizure. *Id.* at ¶ 13. The CBP Penalties Branch then recommended full mitigation of the penalty assessed against the plaintiff. *See* Ex. D to Compl. [Dkt. #3-4].

Based on the IPRB's determination that the plaintiff's merchandise was "not subject to seizure under 19 U.S.C. § 1526(e)," plaintiff initiated this suit in December 2012, seeking damages in the amount of $3,125,235. Am. Compl. at ¶¶ 13, 17, 19.

## ANALYSIS

"The federal government, its agencies, and federal officials when sued in their official capacities, are absolutely shielded from tort actions for damages unless sovereign immunity has been waived." *Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1316 (D.D.C. 1985) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). Under the FTCA, a plaintiff may sue the government for "injury or loss of property . . . caused by the negligent of wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). The FTCA thus creates a limited waiver to the government's sovereign immunity. *See Cronauer v. United States*, 394 F. Supp. 2d 93, 96 (D.D.C. 2005).

Section 2680 of Title 28 provides several enumerated exceptions to the FTCA's limited waiver of sovereign immunity, one of which is commonly known as the "detention exception." *See Diaz v. United States*, 517 F.3d 608, 613 (2nd Cir. 2008); 28 U.S.C. § 2680(c). The FTCA waiver of sovereign immunity does not apply for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs." 28 U.S.C. § 2680(c).

However, § 2680(c) states that the waiver of sovereign immunity provided in § 1346(b) *shall* apply to claims that would ordinarily fall under the detention exception *if* the plaintiff can establish that: (1) the property was seized for the purpose of forfeiture;

4

(2) the interest of the claimant was not forfeited; (3) the interest of the claimant was not remitted or mitigated; and (4) the interest of the claimant was not forfeited under a federal criminal forfeiture law. *See* 28 U.S.C. § 2680(c)(1)-(4). In short, fulfillment of these four statutory conditions will effectively "re-waive" sovereign immunity, and the claim may be brought in the district courts. *See Diaz*, 517 F.3d at 613-14.

Plaintiff alleges "the unlawful destruction of Himex'[s] sunglasses was due to the negligent or wrongful act or omission of CBP employees at the Port of Long Beach." Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 6. Plaintiff argues this Court has subject-matter jurisdiction over its claim due to the limited waiver of sovereign immunity provided in the FTCA. ("Pl.'s Opp'n") at 5. Unfortunately for the plaintiff, its claim falls squarely within the detention exception to the FTCA because it arises as a result of the detention of goods or merchandise by an officer of customs. *See* 28 U.S.C. § 2680(c); Am. Compl. ¶ 1. Plaintiff argues, however, that its claim satisfies the statutory requirements enumerated in 28 U.S.C. § 2680(c)(1)–(4) necessary to restore the FTCA's waiver of sovereign immunity. *See* Pl.'s Opp'n at 7. I disagree.

Plaintiff cannot satisfy the second requirement of 28 U.S.C. § 2680(c)(1)–(4), namely that: "(2) the interest of the claimant was not forfeited." *See* 28 U.S.C. § 2680(c)(2). The Notice of Abandonment signed by Himex specifically states that it "abandon[s] all claim to and further waive[s] [its] right to be notified in reference to the forfeiture of the [sunglasses], and waive[s] any further rights or proceeding relative to these articles." Ex. 2 to Def.'s MTD. Plaintiff's purported distinction between "abandonment" and "forfeiture" of its rights in the sunglasses is unpersuasive as it

5

attempts to simply wish away the clear forfeiture language contained in the Notice of Abandonment. *See* Pl.'s Opp'n at 7 ("Himex abandoned its interest in the seized sunglasses. Forfeiture of the sunglasses related to the interests of other parties, if any."). To say the least, it strains credulity for the plaintiff to argue that it "did not forfeit its interest in the sunglasses," *see id.*, when a Himex representative signed the clearly titled "*Notice of Abandonment and Assent to Forfeiture* of Prohibited or Seized Merchandise," *see* Ex. 2 to Def.'s MTD (emphasis added). Thus, this Court finds that plaintiff's claim does not meet the statutory criteria of § 2680(c)(1)–(4) required to "re-waive" sovereign immunity, and therefore this Court lacks jurisdiction.

## CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss the Amended Complaint must be GRANTED pursuant to 12(b)(1) of the Federal Rules of Civil Procedure.[2] An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD L. LEON
United States District Judge

---

[2] Because I find that this Court lacks subject-matter jurisdiction over this claim and must therefore dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1), a discussion of defendant's arguments in favor of dismissal pursuant to Rule 12(b)(3) is unnecessary.